[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 449 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 450 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 451 
There was no legal evidence of any encroachment by the defendant upon the street or highway in question. It was not originally a laid out highway, but had become a highway by having been used as such for over twenty years preceding the 21st of March, 1797. It must be quite obvious to every one, that before it can be determined whether a particular highway has been encroached upon, its limits and boundaries must be ascertained and determined in some mode prescribed by law. The jury which is called to determine the disputed question *Page 452 
of an encroachment, has no power to determine the question of the width and boundary of a highway, according to the previous dedication or use, which has been neither laid out nor ascertained and described by the commissioners of highways. That duty belongs exclusively to the commissioners, and is to be performed by them in an entirely different manner. The proceedings in this case to determine the question of the encroachment evidently proceeded upon the assumption that this duty had been performed by the commissioners of highways of the town by the survey and order of the 1st April, 1833, which was read in evidence. But it will be seen that this was not such an order or proceeding as the statute authorized. By the first section of the act of February 20, 1830, regulating highways and bridges in the counties of Suffolk, Queens, and Kings (sub. 3), the commissioners are authorized to cause such roads as have been laid out, but not sufficiently described, and such as were used as highways for twenty years or over next preceding the 21st of March, 1797, and had been worked and used as such constantly for the last six years, but not recorded, to be ascertained, described, and entered of record in the town clerk's office. This the commissioners did not undertake to do by the proceeding and order of 1st April, 1833, referred to. What they attempted to do, as appears upon the face of the order, was "to survey, stake out, and record such width of highway as appears to be necessary for the public convenience." This they had no power to do. It was neither laying out a new road, nor ascertaining and describing an existing road not before described and recorded. In ascertaining and describing a road which has not been laid out, but has become a highway merely by public use for twenty years, the power of the highway commissioners is limited to ascertaining the boundaries of the road according to the actual use for the twenty years. They have no right, in the exercise of this power, to alter and change the boundaries, with reference *Page 453 
to present public convenience. (The People v. The Judges ofCortland County, 24 Wend. 491.)
It is true, as suggested by the appellants' counsel, that the provision of the act in question, in regard to encroachments, is not in terms confined to laid out highways, as in the revised statutes, but extends to every case of a highway encroached upon. The provisions of section eighty-five of the act, however, clearly contemplate the case of a highway, the boundaries of which have been in some way fixed and determined beforehand, as the order must describe the width of the highway and the extent of the encroachment and the place where it exists. This, obviously, could never be done unless the highway had been either laid out, or its boundaries ascertained and described. That had not been done in this case. The order of April 1, 1833, was clearly a nullity, and no foundation had been laid on which proceedings of this kind could be based. In addition to all this, the line on the defendant's side of the highway, which was attempted to be established by that survey and order, for the public convenience, went through buildings and yards, in entire disregard of the provisions of the act. There was no foundation for the action, and the judgment should be affirmed.
WRIGHT, DAVIES, INGRAHAM and HOGEBOOM, JJ., were also for affirmance.