## WILLIAM DOUGHTY AND OTHERS, COM.'s, &c., *v.* ROWLAND BRILL.

*Construction of Statute—Penalties for Encroachment on Highways.*

The statute imposing penalties for encroachments upon highways applies only to cases where the highway has been regularly laid out according to law, and not to cases where the right of way is by prescription.

BOCKES, J.—This case comes before this Court on an appeal from a judgment in favor of the Defendant, dismissing the complaint, with costs.

The action was brought by the Plaintiffs, Commissioners of Highways of the town of Beekman, in the county of Dutchess, to recover penalties imposed by statute for an alleged encroachment upon the public highway. On the trial it appeared from the pleadings and proofs that the highway at the place of the alleged encroachment had been used as such by the public for a period exceeding twenty-five years, and that proceedings had been taken by the Commissioners, under the statute, by which the Defendant's fence was declared an encroachment on the highway, and that he had been notified to remove the same, which he refused to do.

It further appeared that the highway had never been laid out, or, as stated in the case, that there was no record of it on the town books. Judgment of nonsuit was ordered, on the ground that the statute authorizing recovery of penalties for encroachments on the public highway applied only where the highway was "laid out" according to law. The decision of this case by the Supreme Court (opinion by Mr. Justice Brown) is reported in 36 Barb. 488.

A careful examination of the case has led me to the conclusion adopted by the Supreme Court, and for the reasons clearly and tersely given in the opinion of Mr. Justice Brown.

That learned Judge has noticed the obvious distinction in the rules of law applicable to public highways, existing by prescriptive

right, and those which became such by force and authority of proceedings under the statute for the laying out of highways, which statute provides for compensation for the damages occasioned thereby.

He shows very clearly that the section of the statute imposing penalties for encroachments, and under which the Plaintiffs claimed to recover, had application, according to its strict language, to a case "*where a highway shall have been laid out*," leaving to unlawful interference by obstructions, in highways established by prescription, the common law recovery for nuisance. The rule must also be held in mind that penal statutes are to have a strict construction.

Their application will generally be limited to cases falling within the letter. So it has been often held that penalties cannot be raised by implication. They must be expressly created and imposed.

The line of argument and suggestions of Mr. Justice Brown have also received the sanction of this Court in Talmage *v.* Hunting (29 N. Y. 447).

Although not there directly decided, the opinion is plainly insinuated that the provisions of law here under consideration in regard to encroachments must be deemed confined to laid out highways.

The judgment of the Supreme Court should be affirmed.

All affirm.