## COLE v. VAN KEUREN.

*Trial — practice at — repetition of matters charged to jury cannot be required.*
*Highway — record of highway by user not conclusive.*

Where the charge of the court has fully covered a matter requested to be charged, and in substantial accordance with the request, it is not error to refuse to repeat the charge as to such matter.

The record of a highway made under the provisions of the statute which makes it the duty of commissioners to cause to be ascertained, described and recorded roads which have been used as public highways for twenty years; *held*, not conclusive on the point that the road was a highway.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury and from an order denying a new trial.

The action was brought by Martin Cole against Matthew Van Keuren, to recover damages for an alleged trespass on plaintiff's land. The defendant owned a farm, between which and a road,

plaintiff's lands were situate. From defendant's house across plaintiff's lands to such road ran a lane, which had been used for many years, by defendant and his ancestors, and those going to defendant's house, and at times by another person who owned lands adjoining defendant's farm. About a year before the action was commenced, the commissioner of highways of the town where the lane was situated made and caused to be recorded an order or certificate describing the lane as an old public highway. Defendant was about that time appointed road master and a warrant was delivered to him to collect from himself and brother ten days' highway labor. Under this authority defendant did the acts complained of as trespasses, which consisted in ploughing up the soil in the lane, cutting some small trees alongside, etc. The action was first brought in a justice's court, but a plea of title was interposed and the action then discontinued. Upon the trial the court submitted the question to the jury whether the lane was a public highway. The jury found that it was not such, and gave a verdict in favor of plaintiff for $25. Such other facts as are material appear in the opinion.

*S. L. Stebbins*, for appellant.

*William Lounsbery*, for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. This is an action to recover for alleged damages in entering upon the plaintiff's land, removing the soil and cutting the trees. The defense is that the *locus in quo* was a public highway, and that the acts were done by authority of the commissioner. The real question in dispute is, whether the road, where the acts were done, was public or private. The jury found that the road was private, and assessed the plaintiff's damages at $25. The defendant appeals. A part of the alleged wrongful acts consisted in going inside of the plaintiff's new fence (which is said to be outside of the place of the old fence), and there, with a crowbar, pointing out the site of the old fence.

As to this trespass, the defendant asked the court to charge that if the jury were satisfied that the plaintiff consented that the defendant might go on the land, he could not recover for that act;

and the court refused. If this request and refusal stood alone, it would probably be admitted that the refusal was incorrect. But there was plainly some misapprehension. The charge was long, and went over the alleged wrongs in some detail. And in respect to this part, the court had distinctly said that if the plaintiff consented to the defendant going there, he would be bound by his license, and until it was revoked, it would have been an entire justification. This fully covered the matter requested, and the defendant had no right to require the court to repeat what had been already said. It was no error to refuse such repetition.

The acts, however, which are really important, were done within the limits of the road. There is no dispute that the road, if not public, is at least private, and that as a private way the defendant had a right over it. And one question was, whether, if it was a private road, the acts of the defendant were justifiable. On this point the court charged that the defendant had a right to do such acts as were necessary to the reasonable enjoyment of the private road, provided such acts are unaccompanied by malice, carelessness or unnecessary injury. And the same principle was afterward stated in other language. No exception was taken to this part of the charge. There was much evidence, and somewhat conflicting evidence, as to what was done by the defendant, and as to the necessity for his acts, in order to use the way in a proper and reasonable manner; and the jury who heard the witnesses testify, and saw them upon the stand, are the best judges as to these matters. They have, by their verdict, found that the defendant's acts were not necessary and prudent for the fair and reasonable enjoyment of this ground as a private road. We ought not to interfere with this decision.

In July, 1870, the sole commissioner of the town of Esopus, "at *a meeting of the commissioners*" (as stated in the order), having deliberated on the subject, and it appearing to him that the road in question had been used as a highway for more than twenty years, ordered it to be ascertained and recorded; which was done accordingly in the terms of said order.

The defendant claims that this is a conclusive record and adjudication that the road was a highway. But it was held in *People* v. *Judges of Cortland*, 24 Wend. 491, that the provision which makes it the duty of commissioners to cause to be ascertained, described and recorded, roads which have been used as

public highways for twenty years, does not authorize them to create or enlarge, but only to perpetuate the evidence of a public right; that the fact of dedication depends on the user. 1 R. S. 501, § 1, subd. 3. The doctrine of that case is indirectly recognized in *Talmage* v. *Hunting,* 39 Barb. 654; S. C. affirmed, 29 N. Y. 447. In that case it was held that the commissioners could not, under their authority to ascertain and record an existing highway, change its boundaries. It would seem to follow, therefore, that if they could not enlarge the width of a highway by thus ascertaining and recording, they could not make the whole of the land a highway which had not been a highway before.

And whatever may be the effect of such an act on the part of the commissioners as to the public, it would seem clear on principle that they could not thereby, without compensation, take from the owner of the land his property. I think, therefore, that the court held correctly that the record was not conclusive on the point that the road was a highway.

In the original deed of this farm there is a reservation of a free road. The deed, however, conveys two separate lots, of which the former is the one in question. The reservation is over the "said lot of land." There is nothing which points out that the reservation applied to both lots, or which identifies the road in question as that intended in the deed. There appears also to be a main road, other than this, through the plaintiff's land, to which that reservation may apply.

The real question seems to come to the user of the road; whether it had been so used by the public as to have become a highway, or whether its use was such only as to show that it was for those who lived upon it and for their visitors. This question was fairly submitted to the jury. And while we may grant a new trial, if we are satisfied that their verdict was against the evidence, still, in a case like this, we should be very cautious in exercising this power.

There is nothing to indicate that the jury were influenced by any prejudice which prevented them from weighing the question fairly; and they are very competent to judge wisely on such a point.

The road in question averages about twenty feet wide, is about a mile long and runs from the main road to the foot of the mountain. The plaintiff's land is on the main road, and the road in question goes between the plaintiff's house and garden. The defendant

lives half or three-quarters of a mile west of plaintiff on this road in question, near the mountain, and his father lived there before him. This is his regular way of coming out and going in. The defendant's is the only house on this road. One Lowe lives near the mountain, about four hundred yards north of where this road stikes it.

It is impossible to state in detail the testimony on this subject of user. Generally the witnesses who testify to the fact that they had used the road were relatives of the family of the defendant or his ancestors, or of the Lowe family, or they were physicians who had used the road in their professional business. Others were those who went to Lowe's cider mill or to buy grain of that family. There is evidence, also, that people drew wood over it from the mountain, and in one instance two persons engaged in selling sewing machines went over the road.

But in contrast to this, there is the fact that this use of the road extends back for some fifty years, and that the commissioners of highways never, until 1870, and just at the time when this controversy was beginning, had caused the road to be ascertained, surveyed and recorded. It is made the duty of the commissioners to cause such record to be made. Their act in so doing serves two purposes; one to fix the limits of the road and the other to show (so far as they may) an acceptance of the road by the public.

In fact the order which was made was made on the 25th of June, 1870; a road warrant (assessing only the two Van Keurens) was made on the 28th, and the injuries complained of were done a few days after, so that there was reason to think it strange (and the jury might have so thought) that it should not have been discovered before that this was a public highway. In connection with this was the further fact that the road warrants, for several years previous, had relieved the defendant from the work assessed against him, by reason of work on a private road. And no proof was made that such private road was any other than the road in question. I do not think, therefore, that we can say that the finding of the jury, that this was not a public road, was against the weight of evidence. It seems to me to be a subject which they were peculiarly fitted to examine and decide.

The judgment appealed from should be affirmed.

JAMES, J., dissented.

*Judgment affirmed.*