HENRY BORRIES, APPELLANT, v. A. J. HORTON, BEN-
JAMIN W. CRAFT AND HENRY BAKER, RESPONDENTS.

*Order of commissioners directing removal of encroachment—party not estopped
from disputing its validity, by failing to serve a written notice denying such
encroachment.*

October 5, 1872, the commissioners of highways made an order, ascertaining,
describing and entering of record an old highway running through plaintiff's
land. August 18, 1874, defendants, as such commissioners, made an order
requiring plaintiff to remove a fence erected by him, alleged to be an encroach-
ment thereon, a copy of which order was served upon plaintiff, who did not, as
required by statute, within five days, serve upon the commissioners a written
notice denying the encroachment. Upon the trial of this action, brought to
recover damages for the tearing down of the fence, plaintiff offered to show that
the commissioners, by the order of 1872, changed the old highway, thereby
taking from plaintiff a portion of his land, and that their action in so doing was
void for want of jurisdiction.
The court held that plaintiff, by reason of his failure to serve upon the commis-
sioners a written notice denying the encroachment, was estopped from denying
that the fence was an encroachment; and directed a verdict for defendants.
*Held*, that this was error.

APPEAL from a judgment in favor of the defendants, entered
upon the verdict of a jury, and from an order denying a motion
for a new trial, made upon the minutes of the justices before
whom the action was tried.

This was an action of trespass against defendants, for damages
for breaking down a fence upon plaintiff's farm. They set up
by their answer that at the times in the complaint mentioned they
were commissioners of highways of and for the town of Oyster
Bay, and that the said fence stood upon one of the highways in
said town, and that they acted in the premises according to law.
Plaintiff having rested, defendants proved that the road running
past the plaintiff's farm, on which the fence in question stood,
was an old road three rods wide; that the same had not been
sufficiently described of record, and that they made an order,
dated the 5th day of October, 1872, ascertaining, describing and
entering the said road of record in the town clerk's office of said town.
Thereafter the commissioners made another order, dated August
18, 1874, requiring the plaintiff to remove the fence in question,

as encroaching upon the highway, within sixty days from the service thereof. The last-mentioned order to remove the encroachment was served on him August 18, 1874. Plaintiff did not serve a written notice on the commissioners denying the encroachment within five days from the service of the last-mentioned order.

Plaintiff's counsel offered to prove that the commissioners, by the order of 1872, altered the old road, taking away part of the plaintiff's land, without first complying with the statutory requirements prescribed in cases of laying out or altering roads; that in doing so they transcended their authority and acted without jurisdiction, and claimed that the order of 1872 being void, plaintiff had a right to disregard each and every subsequent order founded thereon. The court held that the verdict must, nevertheless, be for defendants, because plaintiff neglected to give notice to the commissioners denying the encroachment, within the time prescribed by statute, to which ruling plaintiff's counsel duly excepted.

*Frank Malocsay*, for the appellant.

*Downing & Stanbrough*, for the respondents.

BARNARD, P. J.:

The court erred in holding that the plaintiff must deny an encroachment on oath upon a highway, or that he is finally bound by the order of the commissioners. The statute does not make such order final and conclusive. (2 R. S. [5th ed.], 407, § 141.) If the order was regularly made and correctly recited an obstruction which in fact existed, the order would presumptively evidence those facts. But plaintiff would not be bound to admit the jurisdictional facts upon which that order depended; even if he had denied the obstruction, and the jury had found against him, would he have been estopped from this action? (*Doughty* v. *Brill*, 36 Barb., 488; affirmed in Court of Appeals, 3 Keyes, 612.) The plaintiff in this case attempted to prove that the old highway of 1778 was not the highway as described in the commissioners' order of 1872. The order requiring the plaintiff to remove an obstruction was based upon this order of 1872. Under the statute permitting

commissioners to ascertain and describe an imperfect record, they cannot add to the old road. Proof was given tending to show that the obstruction removed (a fence) was placed by plaintiff so as to widen the road, and not to diminish its width. The offer to prove, if it had been permitted, would have established that the old record did not include the place where plaintiff had erected his fence. There would then have been proof that the commissioners' order was made wholly without jurisdiction. (*People* v. *Judges of Cortland Co.*, 24 Wend., 494.) It needs no authority to establish the principle that an order made where the officer had no jurisdiction is not conclusive.

Judgment reversed and new trial granted; costs to abide event.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed, and new trial granted; costs to abide event.