HOMER COOK AND OTHERS, COMMISSIONERS OF HIGHWAYS OF THE TOWN OF PAVILION, RESPONDENTS, *v.* ICHABOD W. COVIL, APPELLANT.

*Encroachment upon highways — proceedings to remove — requisites of the notice to the occupant — whether a barn as well as a fence may be removed.*

Where proceedings to remove an encroachment of fences upon a highway are instituted under the provision of the Revised Statutes, as amended by chapter 125 of 1870, the notice must specify the breadth the highway was originally intended to have had.

*Quære,* whether, where the encroachment is caused by a *barn* and not by a *fence,* proceedings to remove it may be instituted thereunder.

APPEAL from a judgment of the County Court of Genesee county, affirming a judgment of a justice of the peace, entered upon a verdict of a jury finding an encroachment by the defendant upon a highway.

The commissioner of highways, of the town of Pavilion, made an order, and gave a notice in respect to an alleged encroachment. The defendant denied the encroachment, and a jury was summoned in the justice's court, and certified the particulars of said supposed encroachment.

The defendant appealed to the county court, which affirmed the judgment, and the defendant thereupon appealed to this court.

*C. F. Bissell*, for the appellant.

*Myron H. Peck*, for the respondents.

HARDIN, J.:

The one hundred and third section of the Revised Statutes, relating to encroachments upon highways, was amended by chapter 125 of the Laws of 1870 by inserting after the words "laid out," in the first line, the words "or ascertained, described and entered of record, in the town clerk's office."

Prior to such amendment it was held that proceedings under the Revised Statutes, in respect to encroachments, did not apply to highways established by prescription. (*Doughty* v. *Brill*, 36 Barb., 488; *S. C.* affirmed, 3 Keyes, 612; *Marvin* v. *Pardee*, 64 Barb., 359.) The original section, and the section as amended, provides that where a highway "shall be encroached upon by fences, erected by any occupant of the land through or by which such highway runs," the commissioners may *order* such fences to be removed so that such highway may be of the breadth *originally intended.*

The section also provides that they shall give notice, in writing, to the occupant of the land, to remove * * * fences within sixty days. (Act of 1870.) It also provides, "every such order and *notice* shall specify. (1st.) *The breadth* of the road originally *intended.* (2d.) The extent of the encroachment. (3d.) And the place or places in which the same shall be." The order and notice must comply with these provisions of the statute. (*Spicer* v. *Slade*, 9 John., 359; *Mott* v. *Comrs. of Highways of Rush*, 2 Hill, 473.) NELSON, J., in that, the last cited case points out clearly the reason why the statute should be strictly observed. (See, also, *Talmage* v. *Hunting*, 39 Barb., 654; *S. C.*, affirmed, 29 N. Y., 447.)

The commissioners must ascertain "the breadth of the road originally intended." That ascertainment is independent of the proceedings against the occupant to compel the removal of an encroachment.

Their power is to ascertain the extent of the road, as the same has become established by user for more than twenty years. (*Talmage* v. *Hunting*, 29 N. Y., 447.)

The survey made and filed in May, 1836, in the town clerk's office of Le Roy, only gives a center line, and contains nothing upon the subject of the breadth of the road.

The order made by the commissioners June 9, 1877, requires the supposed encroachment to be removed " so that such highway may be the breadth of three rods wide." That is all it contains in respect to the breadth of the road. It contains no specifications of " the *breadth* of the road originally intended." The notice served refers to the order, and does not state anything in respect to " the breadth of the road originally intended."

The order states a center line of the highway, and then specifies that " the road is encroached upon by the wall of Ichabod Covil to the extent of twenty-nine and a-half links at the west line of said Covil's farm, and at the east end of said wall two and a-quarter links, and by barn and barn-yard fence fourteen and a-half links on the south said road."

The order was defective, because it did not specify the breadth of the road originally intended. It may be observed that the words, " and by barn and barn-yard fence fourteen and a-half links on the south said road," are indefinite and uncertain. So, too, it may be observed that the statute under which the proceedings were had only refer to encroachments by *fences*, and it may be doubted whether the encroachment, if any of the barn, is such an one as can be removed by proceedings under the statute. (Chap. 125 of Laws of 1870.)

We must reverse the judgment of the county court, and of the justice, and the proceedings before the jury.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment of the county court and proceedings before the justice reversed, with costs.