Cornelius Ivory, Respondent, *v.* Town of Deerpark, Appellant.

The fact that a road has been used for public travel for many years and has been recognized and treated by the town officers as a highway, gives to it that character so far as making the town liable under the act of 1881 (Chap. 700, Laws of 1881) to a traveler upon it for injuries sustained by him in consequence of the negligence of the highway commissioners in failing to keep it in suitable condition and repair.

Plaintiff was traveling in a wagon in the night-time along a road in the town of D., which had been for many years used as a highway. At a point where the beaten track curved, his horses, instead of following the curve, continued straight on and with the wagon fell down into a cut made by a railroad company about eleven years before, and plaintiff was injured. The edge of the cutting was about eleven feet from the beaten track; there was no ditch or barrier of any kind between; the surface was substantially smooth and unbroken, and this had remained so from the time the excavation was made. The remains of old walls indicated that the boundaries of the highway had been originally two rods apart, the beaten track was sixteen feet wide. In an action to recover damages, *held*, that the question as to the negligence of the defendant's commissioners of highway was properly submitted to the jury; that if the situation was such as to render travel upon the road at the place in question dangerous and such danger within reasonable apprehension, which were questions of fact for the jury, the duty was upon the commissioners to use the means available to them for the purpose of guarding travelers against the danger; and the fact the exposed condition had continued for so long a time was sufficient to warrant the inference that they knew, or ought to have known, of the danger.

*It seems* an order of highway commissioners, made pursuant to statute (1 R. S. 501, § 1, sub. 3), describing a road which has been used as a highway for more than twenty years, will not have the effect to increase or change the width or location of the highway; it is effective only as a description of it as manifested by the permitted twenty years use.

Where, however, there appears on the face of such an order nothing to show that it does more than describe the old road, the record of the order is competent evidence upon the question of the location and width of the road.

While highway commissioners may exercise their judgment and discretion as to the application of the funds in their hands, that discretion must be reasonably exercised, and as the statute has provided means for the raising of moneys required to make necessary repairs, they may not defend an omission to do work of trifling expense which is essential for the safety of travel on the ground that they determined to expend the money elsewhere.

One of the commissioners, as a witness for defendant, who was well acquainted with the town, was asked: " What is its character as to the necessity of highway labor ?" This was objected to and excluded. *Held,* no error; that while it was competent to prove the extent and situation of the highways of the town with a view to show the demand upon it for the use of funds, this necessity may only be proved by facts, while the question called for the conclusion of the witness, not the facts.

The court refused to charge that if plaintiff's horses were running away or beyond his control, unless the jury could say from the evidence that the accident would have happened had they been going at an ordinary rate of speed or were under control, the defendant was entitled to a verdict. *Held,* no error; that while the fact assumed may have been a proximate cause of the injury, this did not, if plaintiff was free from fault, relieve defendant from liability if the negligence of its commissioners was another proximate cause.

(Argued October 23, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 16, 1886, which affirmed a judgment in favor of the plaintiff, entered on a verdict.

The nature of the action and the material facts are stated in the opinion.

*Lewis E. Carr* for appellant. The several towns are liable for all damages to person and property by reason of defective highways and bridges only in cases in which commissioners of highways were liable at the time of the passage of the act of 1881. (Laws of 1881, chap. 700, p. 935; *Monk* v. *Town of New Utrecht,* 104 N. Y. 552, 557.) Highway authorities are not agents of the town,

and, until the legislature intervened, only the commissioners could be called upon to respond in damages. (*People ex rel.* v. *Town Auditors*, 74 N. Y. 310, 316; *People ex rel.* v. *Town Auditors*, 75 id. 316, 319; *Morey* v. *Town of Newfane*, 8 Barb. 645; *Fraiser* v. *Town of Tompkins*, 30 Hun, 168.) Commissioners are only charged with duty with reference to the highways of the town, and, therefore, the place must be one to which their duty attached. (2 R. S. [7th ed.] 1212, § 1.) Neglect of the commissioners either in obtaining funds or in using them when obtained must be proven. (*Hover* v. *Barkhoof*, 44 N. Y. 113; *Gallinghouse* v. *Jacobs*, 29 id. 297.) The admission of the assumed record of this road in evidence was error, because the order, assuming it to have been an order of the commissioners of highway, was void. (2 R. S. [7th ed.] 1213, § 1, subd. 3; *People* v. *Cortland County*, 24 Wend. 491, 492; *Talmadge* v. *Hunting*, 29 N. Y. 447; *Miller* v. *Brown*, 56 id. 383.) The presumption is that improper testimony is hurtful to the party objecting. (*Brague* v *Lord*, 67 N. Y. 495; *Baird* v. *Daly*, 68 id. 547; *Hydorn* v. *Cushman*, 16 Hun, 107; *Havemeyer* v. *Havemeyer*, 11 J. & S. 506.) It was error to exclude the testimony offered by the defendant as to the character of the town in its necessities for highway labor. (*Urquahart* v. *City of Ogdensburg*, 91 N. Y. 67, 71; *Hines* v. *City of Lockport*, 50 id. 236, 238; *Mills* v. *City of Brooklyn*, 32 id. 489; *Monk* v. *Town of New Utrecht*, 104 id. 552, 558; *Garlinghouse* v. *Jacobs*, 29 id. 297, 307; *People ex rel.* v. *Suprs.*, 93 id. 397; *People ex rel.* v. *Town Auditors*, 74 id. 310, 316; *Reed* v. *Mayor, etc.*, 31 Hun, 311.) Commissioners of highways are clothed with judicial power in applying for and using funds for highway purposes; negligence cannot be predicated on error in exercising their judgment, even though all the highways were not repaired. (*Garlinghhouse* v. *Jacobs*, 29 N. Y. 297; *Monk* v. *Town of New Utrecht*, 104 id. 552.) The motion for a nonsuit on the ground that the evidence failed to disclose any neglect on the part of the highway authorities should have been granted. (*Perkins* v. *Fayette*, 68 Me. 152; 28 Am.

Rep. 84; *Rice* v. *Montpelier*, 19 Vt. 470; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434; *Monk* v. *Town of New Utrecht*, Id. 552.) Highway authorities are bound to take into account the ordinary exigencies of public travel; they are not bound to anticipate that persons will drive along the roads with teams running and provide guards for them. (*Lane* v. *Wheeler*, 35 Hun, 606, 611; *Kennedy* v. *Mayor*, 73 N. Y. 365, 368, 369; *Hubbell* v. *City of Yonkers*, 104 id. 434; *Davis* v. *Standish*, 26 Hun, 608, 613; *Sturm* v. *Ins. Co.*, 6 J. & S. 282.)

*John W. Lyon* for respondent. The refusal of the trial court to grant defendant's motion for a nonsuit on the first ground stated, that "there was not sufficient evidence of negligence to go to the jury," was proper. (*Chicago* v. *Brophy*, 2 L. and Eq. 224; *Macouley* v. *Mayor, etc.*, 67 N. Y. 602; *Kennedy* v. *Mayor, etc.*, 17 Alb. L. J. 454; 6 Week. Dig. 540; *Titus* v. *Inhabitants, etc.*, 97 Mass. 258; *Stone* v. *Hubbardston*, 100 id. 54, 55; *Nichols* v. *Town of Brunswick*, 3 Cliff. 81; *Toms* v. *Whitby*, 37 U. C. [Q. B.] 107; 35 id. 226; *Baldwin* v. *Turnpike Co.*, 40 Conn. 236; 13 Am. L. R. [N. S.] 430; *Houfe* v. *Fulton*, 29 Wis. 306, 307; *Hall* v. *City of Kansas*, 54 Mo. 601.) The refusal to grant defendant's motion for a nonsuit on the ground that "there were not sufficient funds with which the repairs could have been made" was also proper. (3 R. S. [7th ed.] 1214, § 4; *Hines* v. *City of Lockport*, 50 N. Y. 236; *Hover* v. *Burkhoff*, 44 id. 113, 118; *Adsit* v. *Brady*, 4 Hill, 630, 634.) Assuming that plaintiff had lost control of his team, the defendant is liable if the defect in the road and the absence of the railings was the proximate and immediate cause of the injury. (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Baldwin* v. *G. T. Co.*, 40 Conn. 238, 245; *Hunt* v. *Pownal*, 9 Vt. 411; *L. M. Township* v. *Merkhoffer*, 71 Penn. St. 276; *Hey* v. *City of Philadelphia*, 81 id. 44; *Newlen Town* v. *Davis*, 1 W'kly Notes, 211; *Pittsburgh* v. *Grier*, 10 Harris, 54; *Scott* v. *Hunter*, 10 Wright, 194; *Sherwood* v. *City of Hamilton*, 37 U. C. [Q. B.]

410; *Tuff* v. *Warmann*, 2 C. B. [N. S.] 640; 5 id. 573; *Witherly* v. *Regent's Canal Co.*, 12 id. 2; *Gee* v. *M. R. W. Co.*, L. R. [8 Q. B.] 161; *Bradley* v. *Brown*, 32 U. C. 403; *Toms* v. *Whitby*, 37 id. 100; *More* v. *Inhabitants, etc.*, 32 Me. 46; *Farrar* v. *Inhabitants, etc.*, Id. 574; *Coombs* v. *Inhabitants, etc.*, 38 id. 204; *Anderson* v. *City of Bath*, 42 id. 246; *Moulton* v. *Inhabitants, etc.*, 57 id. 127; *Winship* v. *Enfield*, 42 N. H. 197; *Clark* v. *Barrington*, 41 id. 44; *Tucker* v. *Huniker*, Id. 317; *Norris* v. *Litchfield*, 35 id. 271; *Kelsey* v. *Town of Glover*, 15 id. 708; *Allen* v. *Town of Hancock*, 16 id. 230; *Palmer* v. *Inhabitants, etc.*, 2 Cush. 600, 607, 609; *Murdock* v. *Inhabitants, etc.*, 4 Gray, 178; *Marble* v. *City of Worcester*, Id. 395; *Rowell* v. *City of Lowell*, 7 id. 100; *Davis* v. *Inhabitants, etc.*, 4 Allen, 557; *Titus* v. *Inhabitants, etc.*, 97 Mass. 258; *Horton* v. *Tauton*, Id. 266; *Fogg* v. *Nahant*, 98 id. 678; Withrow's A. M. Cases, 464; *Dreher* v. *Fitchburg*, 22 Wis. 675; *Houfe* v. *Town of Fulton*, 29 id. 296; 9 Am. R. 568; *Hall* v. *Kansas City*, 55 Mo. 598; *Bassett* v. *City of St. Joseph*, 53 id. 290.) The cut of the railroad causing the embankment in question was an encroachment upon the highway, which the defendant could and should have removed or protected, and its neglect so to do by placing railings thereat, was negligence upon its part, the result of which caused the injury here complained of. (Bishop on Highways, 62; Jenkins on Highways 57; *Maxim* v. *Town of Champion*, 50 Hun, 88.)

BRADLEY, J. The action was brought, pursuant to chapter 700 of Laws of 1881, to charge the defendant with liability, and to recover damages for personal injuries of the plaintiff, alleged to have been occasioned by the negligence of the highway commissioners of that town. The cause of the plaintiff's complaint was, that the commissioners failed to provide any barrier along the highway at the place in question, for the protection of travel, and that in consequence of such failure the plaintiff, in the evening of November 18, 1881, in

driving along there in a wagon, fell into an excavation and was injured.

It was dark. The plaintiff was not familiar with the road. He was on his way from Cuddebackville to Port Jervis, in the town of Deerpark, and in going southerly down a descent in the highway, the horses he was driving, instead of following the curve to the left in the beaten track, continued straight forward, and with the wagon in which the plaintiff was riding, went over the edge of the excavation and down about seven feet.

The main question upon the merits is, whether there was any evidence to support the conclusion that the injury so occasioned to the plaintiff, was attributable to the negligence of the highway commissioners.

The road had been used as a highway for a great many years, although it does not appear to have been laid out as such in the manner provided by statute. But in 1848, the road having been used as a highway for twenty years, the commissioners sought to have it ascertained, described, and entered of record in the town clerk's office pursuant to the statute. (1 R. S. 501, § 1, sub. 3.) They did make an order which was so recorded. The excavation into which the plaintiff was precipitated was made in or about the year 1870, for the purposes of the construction of the Monticello & Port Jervis Railroad along there. Prior to that there could have been no reasonable apprehension of danger at that point of the road to the public travel. The edge of the embankment so made by the cut, was about eleven feet from the beaten track, between which and it, there was no ditch and no barrier of any kind, but the surface was uninterruptedly continuous, and its smoothness substantially unbroken from one to the other. This had remained so from the time the excavation was made, which was about eleven years before that of the accident in question. The boundaries of the old road, as used there prior to 1848, do not very clearly appear, although there was evidence tending to prove that there was a stone wall on either side, and that the one on the easterly side was between the

beaten track and this cut, and that this wall was taken away in 1849 or 1850. And thereafter, until the excavation was made for the railroad, there had been no interrupting physical boundary between the beaten way and the canal, beyond the place so excavated. It appears by the evidence that on the west side of the beaten roadway, and twenty feet from the edge of the embankment, was, at the time in question, a ditch, and a few feet west of that were the remains of a stone wall, and five or six feet west of the old wall was a board fence. The beaten track was sixteen feet wide, and beyond, a short distance southerly from this place, the remains of old walls indicate that the boundaries had been about two rods apart. The order before referred to, made by the commissioners in 1848, described a line by courses and distances from certain monuments, and declared it the centre of a road three rods in width, but where that line was located in reference to the beaten track does not appear by the evidence. The order could not have the effect to increase or change the width or location of the highway from what it was before. It could be effectual only as a description of the width as manifested by the permitted use for twenty years. (*People* v. *Judges, etc.,* 24 Wend. 491; *Talmage* v. *Huntting,* 29 N. Y. 447.) The order itself has no material importance in this case.

The fact that this road had been used for the public travel many years, and had been recognized and treated by the constituted authorities of the town as a highway, gives that character to it, for the purposes of making the defendant responsible to a traveler upon it, for injuries sustained by him in consequence of the negligence of the commissioners in failing to keep it in suitable condition and repair. (*Sewell* v. *City of Cohoes,* 75 N. Y. 45.)

If the situation was such as to render the travel upon the road, at the place in question, dangerous, and such danger within reasonable apprehension, the duty was with the commissioners to use the means available to them, for the purpose, to guard against the hazards to which the traveler was exposed. The question upon the trial, therefore, was whether the exca-

vation was so near the wrought portion of the road as to render it dangerous to the public travel in view of the situation there. (*Jewhurst* v. *Syracuse*, 108 N. Y. 303.) It is presumable that people may travel on the highways in the night-time when the beaten path is obscured from view. At the place in question there seems to have been nothing to indicate, in the darkness, the curvature of the road, or to render the driver of a team sensible of the departure from it before reaching the place of danger. There is no complaint that the sixteen feet track was not adequate width for travel. The wrought portion of highways in rural sections usually embraces but a portion of the width within their limits. The commissioners are required to use reasonable care only. They do not insure the traveler against injury. And what is such care depends upon circumstances. They are to be advised of dangerous conditions, or to be chargeable with negligence in not having notice of them, before any liability arises. The jury were warranted in finding that they, or some of them, had been actually notified of the necessity of barriers to protect against danger persons traveling upon the road at this place, and the fact that the exposed condition had continued there for upwards of ten years, was sufficient to warrant the inference that they did know or ought to have known that it was dangerous to public travel, if such was its character in relation to the use of the road. The question was one of fact, and the conclusion was authorized by the evidence that it was the duty of the commissioners to relieve this part of the highway of the danger referred to, if they had the means to do it, and that in such event they were chargeable with negligence.

In the cases of *Hubbell* v. *City of Yonkers* (104 N. Y. 434), and *Monk* v. *Town of Utrecht* (Id. 552), the streets upon embankments were broad, and at the boundaries were gutters, curb-stones and elevated sidewalks. Thus guarded there was no occasion for apprehension that travelers, under any ordinary circumstances, would get out of the streets and over the embankments.

In the present case there seems to have been no surface

change or any interruption to warn the driver of the passage of his team or wagon from the beaten pathway until he went over the adjacent embankment.

But it is said that the commissioners had no funds, which they were required to use for the protection of travel in that portion of the highway, because the work to which they should be applied was matter within the discretion of the commissioners, and that they used the money elsewhere. It is true they are to exercise their judgment in that respect, but their discretion must be reasonably exercised, else they may rest their omission to do that, of trifling expense, which is essentially important for the safety of travel, because they may conclude or may have determined to otherwise expend the money, and thus furnish an excusable defense against liability in almost all cases.

The conclusion was not required that the means could not be obtained by those officers to make the necessary improvement at the place in question. The statute provides the means for raising annually, for the use of the highway com-' missioners of each town, the sum of $1,000. (1 R. S. 503, § 4; Laws of 1857, chap. 615.) Also, through the action of the board of supervisors, additional money may be borrowed on the credit of the town to repair roads and bridges within it. (Laws of 1869, chap. 855; amended Laws of 1874, chap. 260.)

Evidence was given on the subject of funds, and it appeared by the reports of the commissioners made at the close of nearly every year between 1870 and 1881, the latter inclusive, that there were moneys in their hands or under their control from those received in the preceding year, and that some of the year's money was borrowed, pursuant to the statute referred to, for specific purposes. While there was some evidence to the effect that the moneys thus reported were appropriated, the conclusion was warranted that they had funds with which to do this work, or may have procured them for the purpose, the expense of which would have been only $25. In their applications to cause loans to be made on the credit of the town no request was made for money for this work.

There was no error in the reception in evidence, of the record of the order made by the commissioners in 1848. It purported to ascertain and describe for record, a road which had been used by the public for twenty years. That purpose of the order was within the provision of the statute. And nothing appears upon the face of the order to show that it did more than to describe such an old road, nor had it then appeared to the contrary. It is not essential to its admissibility that the order be sufficient in itself to establish the fact or to show power to make it. Whether that were so or not might properly be the subject of evidence *aliunde*. (*Miller* v. *Brown*, 56 N. Y. 383.) The fact that the authority of the commissioners to make the order was not supported by the evidence subsequently introduced at the trial, went only to the effect of the order as evidence. And upon that subject the court charged the jury that if the commissioners in making the order included more than was embraced in the old road, it was entirely void. One of the commissioners, who was well acquainted with the town, was asked "What is its character as to the necessity for highway labor?" And it is contended that the court erred in sustaining the plaintiff's objection to it. It was competent for the defendant to prove the extent and situation of the highways of the town with a view to represent the demand upon it for the use of funds during the period in question. But this necessity can properly be proved only by facts for consideration of the jury so far as applicable to that inquiry. The proposed question called for the mere conclusion of the witness instead of the facts bearing upon it.

It was not legitimately the subject of the opinion of the witness, and, therefore, the exception was not well taken. And the same may be said of the exclusion of the answer of a question to another witness calling for his opinion of the comparative danger of this and another place on a highway of the town. The question of the contributory negligence of the plaintiff was one of fact for the determination of the jury, and it was properly submitted to them.

There would not, necessarily, have been any imputation of

negligence of the plaintiff in the proposition, if so found, that the horses were running away or were beyond his control, and, therefore, there was no error in the refusal of the court to charge the jury that, in such case, unless the jury could say from the evidence that the accident would have occurred had the horses been going at an ordinary rate of speed, or were under control, the defendant was entitled to a verdict. While, in case the horses were beyond the control of the plaintiff, such fact may have been a proximate cause of the injury, it did not, provided the plaintiff was free from fault, relieve the defendant from liability if the danger and the injury of the plaintiff, as the consequence, resulted from the negligence of the highway commissioner. In that case there would be two proximate causes of the accident, and the responsibility would rest with the defendant if one of such causes was attributable to the fault of the commissioners. (*Ring* v. *City of Cohoes,* 77 N. Y. 83.)

The manner the horses were driven, or proceeded to the embankment, was properly the subject of consideration by the jury as bearing upon the question of contributory negligence of the plaintiff, and was so treated by the court in the submission of that question to them. A careful examination of all the exceptions to the charge, and to the refusal to charge, and all others taken at the trial, leads to the conclusion that none of them were well taken.

The judgment should be affirmed.

All concur.

Judgment affirmed.