MAUDE MARIE V. PARCELLS, Respondent, *v.* THE CITY OF AUBURN, Appellant.

*Evidence sufficient to raise the question of contributory negligence in an action for personal injuries.*

A person walking on a sidewalk in the evening stepped into a hole, partially concealed from view by grass which had grown in and about it; immediately before stepping into the hole she had met four people walking upon the sidewalk, two abreast, and had turned aside to pass them, and in so doing, without noticing the hole, stepped into it and fell; she had passed over the walk once or twice before and knew that there were defects in it, but thought that she had passed by the bad places before she met with the accident.

*Held,* that the evidence was sufficient to justify the trial court in submitting to the jury the question of contributory negligence on the part of the plaintiff.

APPEAL by the defendant, The City of Auburn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cayuga on the 28th day of May, 1893, upon the verdict of a jury for $9,000 after a trial at the Cayuga Circuit.

*W. H. Burby,* for the appellant.

*Frank E. Cady* and *S. E. Payne,* for the respondent.

LEWIS, J.:

The plaintiff recovered a judgment against the defendant for $9,000 for injuries she sustained by a fall upon a defective sidewalk in the city of Auburn. The appeal was from the judgment, and only one point is presented for our consideration by the appellant's counsel. He makes no question as to the amount of the recovery, nor as to the defendant's negligence, but claims that the plaintiff failed to show herself free from negligence contributing to her injuries. An examination of the evidence has satisfied us that there was sufficient evidence to justify the trial court in submitting that question to the jury.

The plaintiff's fall was caused by her stepping into a hole in the sidewalk; it occurred in the evening; it was dark at the time; the hole was partially concealed from view by grass which had grown in and about it; immediately before stepping into the hole she had met four people walking upon the sidewalk, two abreast; she turned aside to pass them, and in so doing, without noticing the hole, put one of her feet into it and fell.

She had been in the city but a few weeks before the accident occurred; she had passed over this walk only once or twice; she knew that there were defects in the walk; she had passed some of them on this occasion before arriving at the one in question; she testified that she supposed that she had passed by the bad places before she met the people.

The jury was justified from the evidence in finding that the plaintiff was free from negligence contributing to her injuries.

The verdict seems to be fully sustained by this evidence.

The judgment should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed.