LAVERDURE v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. DEFECTIVE SIDEWALKS—CONTRIBUTORY NEGLIGENCE.

The sidewalk on the west side of 8th avenue, in New York City, between 100th and 101st streets, is from 9 to 12 feet wide, and has along the middle a single row of flagstones, 3 feet wide, with a heavy growth of grass and weeds, nearly as high as the knee, on each side. While plaintiff was walking along the flagging, she came to an obstruction, and turned out through the grass and weeds to reach the street, and fell into a hole which she had not seen. *Held*, that she had a right to assume, without critical examination, that the place where she stepped was in a fit condition for travel.

2. SAME—NOTICE OF DEFECTS.

It appeared that the hole existed in April, 1894, and the accident occurred in the following September. *Held*, that this was a sufficient time to justify the jury in holding that, if the city did not have notice of the defect, it ought to have acquired such notice.

Appeal from trial term.

Action by Rose Laverdure, by her guardian ad litem, Alphonse Laverdure, against the mayor, aldermen, and commonalty of the city of New York. From a judgment entered on a verdict, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
Henry L. Scheuerman, for respondent.

VAN BRUNT, P. J. This action was brought to recover for certain alleged injuries received by the plaintiff as the result of falling into a hole in the sidewalk on 8th avenue, which hole was on the westerly side of the avenue, about 20 or 30 feet south of the corner of 101st street. This sidewalk was from 9 to 12 feet wide, and there was only a single row of flags, 3 feet wide, running through the middle, and there was grass growing upon each side nearly as high as the knee. The proof shows that the plaintiff and two friends were walking up 8th avenue, on the west side, and, upon approaching the corner of 101st street, found the sidewalk obstructed; whereupon they turned from the flagged part of the sidewalk to walk into the street, and, as the plaintiff was about to cross the curbstone, her right foot went into a hole, and she fell and was injured. It is claimed that no recovery can be had by the plaintiff, because the absence of contributory negligence on her part was not shown, and because notice to the city of the defect in the sidewalk was not proven. The testimony of the plaintiff was that they were walking on paying no attention; they were walking very slowly; and that there was grass there, on both sides of the stone (meaning the flagging). It was pretty high. There were shrubs and weeds, not quite as high as the knee. While they were making an attempt to get out on the street, she fell down there. They were walking through the grass when this happened to her.

It is claimed upon the part of the appellant that the plaintiff was bound to look, and that, because she paid no attention at the time of going from the flagged to the unflagged portion of the sidewalk, she was therefore guilty of contributory negligence.   But the rule seems to be well established that persons traveling along the public streets of a city have the right to assume that they are in fit condition to travel upon.    Parcells v. City of Auburn, 77 Hun, 137, 28 N. Y. Supp. 471; Weed v. Village of Ballston Spa, 76 N. Y. 329; Brusso v. City of Buffalo, 90 N. Y. 680; Ivory v. Town of Deer Park, 116 N. Y. 476, 22 N. E. 1080; and other cases which might be cited.   The evidence in this case shows that the place where the plaintiff attempted to cross was overgrown with grass and weeds, and the jury might very well have found from the evidence that the danger was not apparent, but was obscured by this growth.   The plaintiff did no more than any person of ordinary prudence would have done in attempting to pass around an obstruction upon the sidewalk which she desired to avoid.   She proceeded to walk out into the street, assuming that the sidewalk was in order, as she had the right to do, and stepped into the hole, the existence of which may have been obscured by the growth of weeds and grass above referred to, and was injured.   Simply because she did not examine critically the sidewalk as she progressed does not show that she was guilty of contributory negligence.   She had a right to assume that the walk was in order, and that she could cross upon any part of it.

It is further alleged on the part of the appellant that notice to the city of the defect was not shown.   It appeared that the hole existed in April, 1894, and this accident occurred in September of that year,—a sufficient time to justify the jury in holding that, if the city did not have notice of this defect, it should have acquired such notice.   It would appear from the evidence that holes upon this sidewalk were created by the percolation of water from a pond in the park across 8th avenue, through the earth under the street, and that the surface would settle down, and that loads of dirt had been frequently dumped there for the purpose of filling them up. A witness examined upon the part of the plaintiff states that he first observed the hole in the latter part of April; that he saw it upon several occasions after that, up to the time when he saw it filled in, the latter part of September, but he could not remember whether it was filled before or after the accident to the plaintiff. The jury would have had a right from the evidence in this case to find that that filling up could not have taken place prior to the accident, because of the growth of grass and weeds which were testified to, and which could not possibly have grown there within any possible interval of time between any part of September and the happening of the accident.

We think that the jury had a right, upon the evidence in this case, to assume that the hole had existed long enough to justify the inference of notice.   The judgment and order should be affirmed, with costs.   All concur.