Rose Laverdure, by her Guardian ad Litem, Alphonse Laverdure, Respondent, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Appellant.

*Negligence — a foot passenger injured by falling into a hole in a part of a sidewalk covered with high grass — notice, by lapse of time, to the city.*

A foot passenger walking along the flagged portion of a city sidewalk, bordered on each side by grass growing as high as the knee, has a right to assume that the entire width of the sidewalk is fit for travel, and when, upon turning and walking toward the street without critically examining the sidewalk, in order to avoid an obstruction on the sidewalk, she is injured by falling into a hole in the sidewalk, concealed by the grass, which has existed there for five months, she is not guilty of contributory negligence precluding a recovery by her against the city of damages for the injuries thus sustained, and there is evidence, by lapse of time, tending to establish notice of the defect to the city.

Appeal by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of

FIRST DEPARTMENT, APRIL TERM, 1898.          [Vol. 28

the county of New York on the 9th day of October, 1897, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 14th day of October, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Theodore Connoly,* for the appellant.

*Henry L. Scheuerman,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for certain alleged injuries received by the plaintiff as the result of falling into a hole in the sidewalk on Eighth avenue, which hole was on the westerly side of the avenue about twenty or thirty feet south of the corner of One Hundred and First street. This sidewalk was from nine to twelve feet wide, and there was only a single row of flags three feet wide running through the middle, and there was grass growing upon each side nearly as high as the knee.

The proof shows that the plaintiff and two friends were walking up Eighth avenue on the west side, and upon approaching the corner of One Hundred and First street found the sidewalk obstructed, whereupon they turned from the flagged part of the sidewalk to walk into the street, and, as the plaintiff was about to cross the curbstone, her right foot went into a hole and she fell and was injured.

It is claimed that no recovery can be had by the plaintiff, because the absence of contributory negligence on her part was not shown and because notice to the city of the defect in the sidewalk was not proven. The testimony of the plaintiff was that they were walking on, paying no attention; that they were walking very slowly, and there was grass there, on both sides of the stone (meaning the flagging); it was pretty high; there were shrubs and weeds, not quite as high as the knee; while they were making an attempt to get out on the street she fell down there; they were walking through the grass when this happened to her.

It is claimed upon the part of the appellant that the plaintiff was bound to look; and that because she paid no attention at the time of going from the flagged to the unflagged portion of the sidewalk, she was, therefore, guilty of contributory negligence. But the rule seems to be well established that persons traveling along the public

streets of a city have the right to assume that they are in fit condition to travel upon. (*Parcells* v. *City of Auburn*, 77 Hun, 137; *Weed* v. *Village of Ballston Spa*, 76 N. Y. 329; *Brusso* v. *Buffalo*, 90 id. 680; *Ivory* v. *Town of Deer Park*, 116 id. 476, and other cases which might be cited.) The evidence in this case shows that the place where the plaintiff attempted to cross was overgrown with grass and weeds, and the jury might very well have found from the evidence that the danger was not apparent, but was obscured by this growth. The plaintiff did no more than any person of ordinary prudence would have done in attempting to pass around an obstruction upon the sidewalk which she desired to avoid. She proceeded to walk out into the street, assuming that the sidewalk was in order, as she had the right to do, and stepped into the hole, the existence of which may have been obscured by the growth of weeds and grass above referred to, and was injured. Simply because she did not examine critically the sidewalk as she progressed, does not show that she was guilty of contributory negligence. She had a right to assume that the walk was in order, and that she could cross upon any part of it.

It is further alleged on the part of the appellant that notice of the defect to the city was not shown. It appeared that the hole existed in April, 1894, and this accident occurred in September of that year, a sufficient time to justify the jury in holding that if the city did not have notice of this defect it should have acquired such notice. It would appear from the evidence that holes upon this sidewalk were created by the percolation of water from a pond in the park across Eighth avenue, through the earth under the street, and that the surface would settle down, and that loads of dirt had been frequently dumped there for the purpose of filling them up. A witness examined upon the part of the plaintiff states that he first observed the hole in the latter part of April; that he saw it upon several occasions after that up to the time when he saw it filled in the latter part of September, but he could not remember whether it was filled before or after the accident to the plaintiff. The jury would have had a right, from the evidence in this case, to find that that filling up could not have taken place prior to the accident because of the growth of grass and weeds which were testified to, and which could not possibly have grown there within any possible

interval of time between any part of September and the happening of the accident.

We think that the jury had a right, upon the evidence in this case, to assume that the hole existed long enough to justify the infer-ence of notice. The judgment and order should be affirmed, with costs.

RUMSEY, PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.