[No. 5754. Decided December 28, 1905.]

HELEN E. SHANNON *et al., Appellants,* v. THE CITY OF
TACOMA, *Respondent.*[1]

MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALK — CONTRIBUTORY
NEGLIGENCE—EVIDENCE. The fact that a person travels on a sidewalk
known to be defective when there was another route that might have
been taken, may be shown upon the issue of contributory negligence.

APPEAL—REVIEW—HARMLESS ERROR. Error in allowing answers
to immaterial questions is not prejudicial to the appellants when the
answers thereto were unfavorable to the respondent.

SAME—In an action for injuries received in a fall upon a defective
sidewalk, it is harmless error to exclude evidence to the effect that a
week after the accident a hole was found in the sidewalk near by
a broken piece of board, where it was conceded that there was such a
hole in the sidewalk, and that the boards were decayed, the testimony
being only cumulative.

NEW TRIAL—JURORS—MISCONDUCT. A new trial for misconduct of
a juror in want of attention to the testimony should not be granted
on conflicting evidence, and where it appears that the juror was not
wilfully guilty, or that the parties were mistaken as to his acts.

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—EVIDENCE—SUF-
FICIENCY. In an action for injuries received in a fall upon a defec-
tive sidewalk, a verdict for the defendant is justified where there
was little or no evidence that the injury was caused by the defects.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE. A new trial for newly
discovered evidence should not be granted where it is only cumula-
tive of admitted facts, and does not go to aid that part of the case
which was lacking in sufficiency of proof.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered November 7, 1904, upon the
verdict of a jury rendered in favor of the defendant, in an
action for personal injuries sustained through a defective
sidewalk. Affirmed.

*Govnor Teats,* for appellants.

*O. G. Ellis, J. J. Anderson,* and *R. E. Evans,* for re-
spondent.

[1] Reported in 83 Pac. 186.

FULLERTON, J.—The appellant Helen E. Shannon, while walking along a sidewalk in the city of Tacoma, received an injury to her foot, and this action was brought to recover therefor. In their complaint the appellants allege that the respondent city negligently allowed the walk where the injury occurred to become worn out and decayed and otherwise out of repair, and that there was, at the time of the accident, a hole therein some eight inches wide and three feet long; that the appellant Helen E. Shannon, while walking along the same in the night time, stepped into the hole, caught her foot therein, and strained and tore away the ligaments of the foot and leg, leaving her permanently crippled and maimed. It was further alleged that the defective condition of the walk was known to the city authorities long prior to the injury, and that they negligently failed to repair the same. Issue was taken on the allegations of the complaint and a trial had, which resulted in a verdict and judgment for the city.

The first error assigned is predicated on the cross-examination of the witness Ada Shannon. It was shown in her examination in chief that she was the daughter of the plaintiffs, and accompanied her mother at the time of the accident. The following appears in her cross-examination:

"Q. You had gone along this sidewalk before this night? A. Yes, sir. Q. And knew something of the condition of the sidewalk? Mr. Teats. Objected to as immaterial. The Court. The objection overruled. Mr. Teats. Plaintiff notes an exception. Q. You knew something of the condition of that sidewalk, didn't you? A. Yes, sir. Q. As you told Mr. Teats, you knew it was in a bad condition? A. Yes, sir. Q. How did you happen to go along that way that night? A. I don't know for any certain reason, only that is a little,— Mr. Teats. That is objected to as absolutely immaterial. (After argument) The Court. The objection overruled. Mr. Teats. Plaintiff notes an exception. Q. I will ask you how you happened to take that street that night? A. We didn't decide any certain way we would go, but I knew the sidewalks on Anderson and Seventh both were

poorer than on Pine street.   Q. But you often went that way?
A. No, up Oak, to the bicycle path.   Q. That was the way
you and your family went?   A. Yes, sir.   Q. As a matter
of fact, didn't you usually take the route you did that night?
A. I did, when alone.   Q. Didn't you take that with your
mother?   A. I don't think so.   Q. Didn't you ever go?
A. We didn't go there very often, and I don't think so.
Q. Why should you and your mother select that route if you
thought it was worse?   Mr. Teats. That is objected to as im-
material.   Mr. Ellis. I want to test the witnesses' memory
and accuracy.   Mr. Teats. She stated that she went that way
going to school.   The Court. The objection overruled.   Mr.
Teats. Plaintiff notes an exception.   Q. It was just as near
across that way as the other way to Mrs. Mathers?   A. Yes,
sir."

It is contended that this was error, because it permitted
counsel to examine upon an immaterial matter prejudicial
to the appellants.   It is argued that a person has the right
to travel upon any of the open sidewalks of a municipality,
and that a person so doing cannot be guilty of contributory
negligence, even though the walk be defective or dangerous,
and the person traveling upon it knows it to be so.   Such,
however, is not the rule.   While the fact that a person travels
along a sidewalk known by him to be defective and dangerous
does not, of itself, convict him of contributory negligence in
every case where injury occurs, yet it is always some evidence
of such negligence, and may be shown to the jury in support
of a plea of contributory negligence.   Where the danger was
slight and trivial, the probative effect of the fact is likewise
slight, but the proof increases as the dangers increase, and
when it reaches the stage where an attempt to pass over the
way would of itself plainly and unequivocally amount to
the want of ordinary care and prudence, contributory negli-
gence is established as a matter of law.   But generally the
presumption arising from the fact is not conclusive.   It is
open to question whether the incurring of the probable and
possible hazard of using the way is consistent with the exer-
cise of ordinary care and prudence.   In such cases the ques-

tion becomes a mixed one of law and fact, and is for the determination of the jury under proper instructions. But it is not the rule that one may use a way which he knows to be dangerous with impunity; he must use care commensurate with the danger, and unless he does so, he is guilty of contributory negligence and cannot recover for an injury suffered because of the dangerous condition of the way, no matter how negligent the authorities whose duty it was to repair it may have been. There is nothing in the case of *Jordan v. Seattle,* 30 Wash. 298, 70 Pac. 743, that is contrary to this rule. It was not there said, nor was it intended to be said, that contributory negligence could not be established by showing that the injured plaintiff had used a defective or dangerous way without the exercise of ordinary care.

It may be that the questions objected to were immaterial because there was no showing, or offer to show, that the witness had imparted her knowledge of the defect in the walk to her mother, prior to the time of the injury, but this does not require a reversal of the case. The answers to the questions were not prejudicial to the appellants. If they reflected upon either party, it was upon the respondent, and error without prejudice is not a ground for reversal.

With reference to the witness Teats, the following appears in the record:

"Mr. Teats. On agreement of counsel that he will not enforce the rule, that he will not prevent me from addressing the jury, I would like to be sworn to identify 'Identification B.' I don't like to do this, but it seems I am the only witness on the point. Govnor Teats, a witness on behalf of plaintiff, being first duly sworn, testifies as follows: About— Mr. Ellis. Just a moment. Counsel has taken the stand for the purpose of identifying this piece of board marked 'Identification B'; now, counsel, of course, will proceed to make his statement without questions, and we insist if he does the first thing he does is to qualify by stating positively that he knows exactly where the accident occurred, before he is allowed to make any statement whatever. The Court. I will hear whatever the witness has to state and if he states anything objec-

tionable, you can interpose your objection at the time. By
Mr. Teats. I live at South Oaks and South Fourteenth. I
think about a week after the accident I was called upon by—
I went to call on Mrs. Shannon at her request, and she in-
formed me where she was injured. I am acquainted with
the sidewalk, and have been for ten years, between South
Seventh and Sixth avenue. Upon her information I went
to the place— Mr. Ellis. Now you Honor, we object to
this on the ground that counsel has not shown that he knows
where the injury occurred, and therefore is not competent to
identify the place. It is a self-serving declaration through
an attorney, and clearly inadmissible on any theory; if such
evidence could be admitted there would be no limit. A
client could state facts in a general way to counsel; counsel
could take the stand and swear from those facts and create
any state of facts; there must be a limit drawn somewhere.
The Court. There is force in counsel's contention, the court
recognizes; at the same time I am inclined to the view that
in a matter of this kind, probably it is a question for the
jury rather than the court. Mr. Ellis (After further argu-
ment). We object on the further ground that the witness'
testimony would necessarily be hearsay, as attempting to
show where the injury occurred by hearsay. The Court. The
objection overruled, on both grounds. Mr. Ellis. Defendant
notes an exception. By Mr. Teats. I proceeded on the east
side of Pine street from South Seventh towards Sixth ave-
nue, and about one hundred feet toward Sixth avenue from
South Seventh I found a hole in the sidewalk on the left
hand side going, on the street side, and in the bottom of that
hole I found 'Identification B'— Mr. Ellis. I move to strike
on the further ground that witness has stated in the opening
of his statement that this was a week—about a week after
the accident is alleged to have occurred, and the evidence
would be incompetent as to showing the condition of the walk,
or tending to show the condition of the walk when the accident
occurred. The Court. Your objection may be sustained on
that ground. The condition of the walk at some compara-
tively long period of time after the happening of the alleged
accident would not be competent. Mr. Teats. This is a week
after, and is not for the purpose of showing the condition of
the walk, but for the purpose of how and where I found this
'Identification B.' Mr. Ellis. That is exactly what we are

objecting to. The Court. I think such a period of time having elapsed. it would be very unsafe to admit testimony as to what was found. A week after the accident the court or jury would have no means to know what occurred. Mr. Ellis. We move to strike out all of counsel's testimony. The Court. I will sustain the motion. Mr. Teats. Plaintiff excepts to the striking of the testimony. Mr. Teats. I found no other hole of any dimension— Mr. Ellis. We object to further testimony as to the condition of this sidewalk, on the ground stated. The Court. The objection sustained. Mr. Teats. Plaintiff notes an exception. Mr. Ellis. We move to strike the last statement of witness. The Court. The motion sustained, and exception allowed."

Counsel now argues that this was error, because the piece of board was competent evidence for two reasons; first, it showed the rotten condition of the walk; and second, the size of the hole into which the injured appellant stepped. But it will be observed that, when objection was made to the statements of the witness, counsel disclaimed distinctly that the evidence was for the purpose of showing the condition of the walk, and the purpose expressed excluded the other reason. It would seem that he could not complain now of the court's ruling unless the evidence was admissible for the purpose he sought to introduce it. He said its purpose was to show how and where "Identification B" was found. But plainly it was an immaterial question how and where "Identification B" was found, unless he intended to offer it in evidence, and of this he gave no intimation, either by offering it, or stating that it was his purpose to so offer it. But if we accept the the theory of the appellants, the court's ruling would not be fatal to the judgment. That there was a hole in the sidewalk at or near the place where the appellant received the injury, and that it was of the size and character described in the complaint, was testified to by all the witnesses who were asked concerning the condition of the walk. All of them testified, also, that the boards in the walk were more or less decayed. In fact, on neither of these questions was there

15—41 WASH.

any dispute in the evidence. This rejected evidence could therefore have been but cumulative of an undisputed fact, and for the court to limit the amount of evidence upon an undisputed question is never a ground for a reversal.

Many exceptions were taken to the instructions given the jury and assigned as error in this court, but we have found it unnecessary to notice them separately. The charge as a whole was a clear exposition of the law when applied to the issues in the case and the facts before the jury, and we have repeatedly held this to be sufficient, even though it may contain expressions which would state the law too broadly or incorrectly if standing alone or read apart from the context in which such expressions are found.

Error is assigned on the ruling of the court denying the motion for a new trial. The questions raised by the motion not heretofore considered, are misconduct of a juror, that the verdict of the jury is not supported by the evidence, and newly discovered evidence. The specific charge against the juror is that, while the injured appellant was testifying, the juror read from a pamphlet which he took from his pocket, paying no attention to her testimony whatever, and that, when a certain other witness for the appellants was testifying, the juror rolled the pamphlet into the form of a tube through which he looked at the witness. The affidavits making these charges are specifically denied by the accused juror, and his denial is supported by the jurors sitting next to him and behind him, to the effect that they saw no such conduct on the part of their fellow juror. Passing over the question whether the acts charged against the juror would be cause for reversal if admitted or satisfactorily proven, we cannot think the evidence submitted justifies the conclusion that the juror was wilfully guilty of the acts charged. If the question were reduced to one of veracity between the parties, we would hesitate before concluding that the weight of the proofs was against the juror, but the question is not reduced to this. There was room for an honest mistake on the part of the

persons making the charges, and we prefer to believe that they were honestly mistaken, rather than that perjury was committed by one side or the other.

On the second question, we think the verdict not contrary to the evidence. There was little or no evidence to support the allegation that the defect in the walk caused the injury, and the jury were justified in finding against the appellants on this ground. It is not enough to show that a person received an injury while traveling along a walk, and that the walk was defective; it must be shown by a preponderance of the evidence that the defect caused the injury before a recovery can be had.

The newly discovered evidence went only to the condition of the walk. It was to the effect that the walk had been long out of repair, and that a hole of the size and dimensions described in the complaint existed in the walk prior to the time of the injury. But, as we have stated before, the jury could not have found against the appellants on this branch of the case. There was no dispute, as we read the record, of the fact that the walk was out of repair, and that a hole existed therein prior to the time of the accident. But there was room for the contention that the proofs failed to show that the defective walk or the hole in the walk caused the accident, and additional evidence on the first question could in no way aid the want of proof on the latter. Conceding, therefore, that the appellants have made a showing sufficient to excuse their failure to procure the additional evidence at the trial, it can avail them nothing, since the new proofs do not go to that part of the case where proof was wanting.

As we find no substantial error in the record, the judgment must stand affirmed, and it is so ordered.

MOUNT, C. J., HADLEY, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.