Argued at Pendleton October 30, affirmed December 24, 1918, rehearing denied January 21, 1919.

# CARTANO v. CITY OF ATHENA.*

(176 Pac. 789.)

**Municipal Corporations—Sidewalks—Constructive Notice.**

1.   Notice to a city of a dangerous condition of its sidewalks may be implied if the defect has existed for such a length of time that the municipal authorities, by the exercise of reasonable care, could have known of its existence and remedied it.

[As to liability of municipality for defect in street or highway as dependent on notice or knowledge when statute makes municipality liable for failure to repair, see note in Ann. Cas. 1913A, 691.]

**Municipal Corporations—Defective Sidewalk—Notice—Jury Question.**

2.   In an action for injuries which plaintiff received as the result of a fall occasioned by a defect in the sidewalk, the question as to whether the city had constructive notice of the defect, *held*, under the evidence, for the jury.

**Municipal Corporations—Sidewalks—Contributory Negligence.**

3.   Whether plaintiff, who was injured by a fall when he stepped into a hole in the sidewalk on a dark night, was negligent, *held*, under the evidence, for the jury.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

This is an action brought to recover damages for personal injuries. The complaint alleges that the defendant city built a wooden sidewalk in a specified locality within the corporate limits, which was one of the main and most traveled sidewalks in the city; that defendant carelessly and negligently failed to keep the sidewalk in a safe condition for travel, in that for a period of about three weeks, it allowed a hole three feet long and six inches wide to remain therein without taking any steps for the protection of pedestrians from injury resulting from such defect. It is further alleged that the city had built the walk, which was

*On constructive or implied notice of defect in sidewalk as condition of municipal liability in general, see note in 20 L. R. A. (N. S.) 705.                                                 REPORTER.

under its direct supervision and control, and that defendant knew or by exercise of reasonable care could have known that the defect in the sidewalk existed. It is also averred that on February 21, 1917, plaintiff, while walking on such sidewalk, in the night-time, was suddenly, without notice or warning, thrown violently to the ground by stepping in said hole, whereby he received the injuries of which he complains. There are a number of other allegations in the complaint, but we have set out sufficient for the purposes of this appeal.

Defendant's answer admits that it built and has maintained the walk, but denies the allegations of negligence, and that it had notice of the defect in the walk. It then pleads contributory negligence upon the part of the plaintiff, in that for a number of years he had been engaged in business on that street and had been living in the immediate vicinity of that portion of the street where the sidewalk was defective and where the accident occurred, and that at the time of the injury he knew that there was a hole in the walk at that point about three feet long, six inches wide and three inches deep, and had observed it almost daily for three weeks prior to the accident.

A reply consisting of denials was filed and a trial had to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.        AFFIRMED.

For appellant there was a brief over the names of *Mr. Will M. Peterson, Messrs. Raley & Raley* and *Mr. Homer I. Watts*, with an oral argument by *Mr. Peterson*.

For respondent there was a brief over the names of *Mr. Coy Burnett, Messrs. Richards & Richards* and

*Messrs. Carter & Smythe,* with an oral argument by
*Mr. Burnett.*

BENSON, J.—The assignments of error challenge
the correctness of the ruling of the trial court in de-
nying defendant's motion for a judgment of nonsuit.
This motion, and the arguments of defendant's coun-
sel contend that there is a total failure of proof that
the defendant had notice of the defect in the sidewalk,
and also that the court should have held, as a matter
of law, that the plaintiff was guilty of contributory
negligence.

1, 2. It is contended that the walk in question was
located upon the principal throughfare of the city and
within a block of the business center. Several wit-
nesses testified to having observed the hole for periods
varying from two to six weeks. W. P. Littlejohn tes-
tified that he was then a member of the municipal
council and had been for about six years; that he
walked along that street probably once a day; that
he knew that "the walks were bad all along there."

The general rule in regard to constructive notice of
defects of this sort is well expressed in 28 Cyc. 1390,
as follows:

"Notice to a city of an unsafe and dangerous con-
dition of its streets or sidewalks may be implied if the
defect has existed for such a length of time that the
municipal authorities, by the exercise of reasonable
care and diligence, could have known of its existence
and remedied it. There is no fixed or definite rule as
to what length of time would be required in order to
justify such inference of notice on the part of the
municipality, but each case must depend upon the facts
and peculiar circumstances attending it."

We think that under the evidence in the case at bar
it was a question for the jury, and not one for the de-
termination of the court.

3. Considering next the question of contributory negligence, it may be observed, that particular cases are of slight assistance to a court in determining whether or not a given state of facts constitutes negligence *per se*. The peculiar facts and circumstances of the individual case must supply the decisive factors. There was evidence to the effect that it was a very dark night. The witness Kidder says that hearing a groan, he went to where the plaintiff lay upon the ground, with his foot caught in the hole, and that he was unable, on account of the darkness to identify him until he heard his voice. Mr. Shick and his wife walking past them, stopped and were unable to identify either Cartano or Kidder, until they used a flash-light which Mrs. Shick was carrying. There had been a light fall of snow that day. The plaintiff says that it was so dark that he could not see the hole; that he knew that there was a hole in that vicinity, but that he also knew of two others, one of which was about six feet distant from the one causing the accident; that the latter extended from near the middle of the walk to the outer curb, while the former extended toward the inner side of the walk; that in his effort to avoid the first, he stepped into the second. That under evidence of this sort, the question of contributory negligence is properly submitted to the jury, seems to us to be beyond the pale of argument or the demand for authority, but it may be said that this view is emphasized in the following cases: *Russell* v. *Monroe,* 116 N. C. 720 (21 S. E. 550, 47 Am. St. Rep. 823); *Shook* v. *Cohoes,* 108 N. Y. 648 (15 N. E. 531); *Knoxville* v. *Cox,* 103 Tenn. 368 (53 S. W. 734); *Parcells* v. *Auburn,* 77 Hun, 137 (28 N. Y. Supp. 471); *Barton* v. *Springfield,* 110 Mass. 131.

We conclude that the motion for a judgment of nonsuit was properly denied, and the judgment is therefore affirmed.        AFFIRMED.        REHEARING DENIED.

BURNETT and HARRIS, JJ., not sitting.