Argued at Pendleton May 5; affirmed June 2, 1931

# MATHEWS *v.* CITY OF LA GRANDE

(299 P. 999)

*Robert S. Eakin,* City Attorney, and George T. Cochran, both of La Grande (Cochran & Eberhard, of La Grande, on the brief), for appellant.

*R. J. Green,* of La Grande (Green & Hess, of La Grande, on the brief), for respondent.

CAMPBELL, J. This is an action for personal injuries alleged to have been sustained by reason of a defective sidewalk. The complaint, in paragraphs 1, 2, 3 and 4 thereof, alleges in effect: The incorporation of the city, and that under its charter it has con-

trol of the streets and sidewalks therein, with power to improve and maintain the same in a state of repair. That North Fir street in said city is a principal public thoroughfare, and that said street and the sidewalk thereon is used in travel by the public generally with the full knowledge and consent of the city. The complaint further alleges in substance that on the evening of May 7, 1930, and for several weeks prior thereto, a section of the sidewalk on North Fir street, in front of house number 2201, had been, and was broken, loose at both ends, insecurely braced underneath, which caused it to shake, tilt, and give way when any one walked over it, to such an extent as to be dangerous to the public using it. That defendant had actual and constructive knowledge of the condition of said sidewalk, but negligently failed to put the same in a state of repair so as to render it safe for travel, or to close the same and prevent travel thereon.

"That on the evening of May 7, 1930, plaintiff was lawfully using said sidewalk and was carefully carrying an ax in his right hand, and was passing along and over the same as a pedestrian and public traveler, and when he came upon said section of sidewalk above described, while exercising due care on his part, the said section tilted, oscillated, and gave way under his weight, causing his foot to be caught and fastened by said sidewalk, whereby he was violently thrown down upon said sidewalk, and in falling the ax which he was carrying came in contact with and cut off three of the fingers of his left hand."

That he has suffered, and will continue to suffer pain and anguish, and has been permanently crippled, and rendered incapable of further manual labor. That he has been compelled to pay for medical and surgical attention $100 by reason of said accident and the resulting injury. The complaint further alleges that

plaintiff at the time of the accident was forty-three years old, of sober, industrious and frugal habits, and earned $225 per month as a locomotive engineer. That the injury rendered him incapable of following his vocation or any other requiring physical labor. That he was damaged in the sum of $17,500, for which he asks judgment.

To this complaint defendant filed its answer admitting paragraphs 1, 2, 3 and 4, and denying the remainder, and for a further and separate answer alleged in effect:

That there is a board sidewalk of the construction usually adopted by cities for such sidewalks, at the place where the accident is alleged to have occurred. That said sidewalk was duly and regularly inspected by defendant and found safe. That defendant had no notice whatever of any alleged defect in said sidewalk. That said section of the sidewalk is situate between the plaintiff's residence and the business part of the city. That plaintiff had passed over it many times and at the time of the alleged injury he well knew the construction and condition of the same, and, knowing its condition, he went upon said sidewalk without observing or looking where he was going, ''failing to lift his feet high enough.'' And, without exercising ordinary care, stumbled and fell. That said acts and omissions contributed to and were the proximate cause of the injuries alleged in the complaint.

The affirmative matter alleged in the separate answer was denied in the reply. The cause was thereafter tried to a jury which returned a verdict for plaintiff in the sum of $4,000 and judgment entered thereon. Defendant appeals.

The bill of exceptions shows thirteen assignments of error—

■■ ■ In permitting counsel for plaintiff to ask the following questions:

"Q. What, if anything, did you pay or incur as to doctor bills? The reasonable charge for the service?
"A. I haven't paid but very little.
"Q. What did you incur for the services?
"A. About $135."

Both these questions were objected to as irrelevant and immaterial. The above questions were material and relevant to the issue of the amount of plaintiff's medical bill. Dr. Kirby, a qualified physician and surgeon, being called as a witness for plaintiff, testified that $100 would be a reasonable charge for the surgical and medical services in connection with the plaintiff's injury.

"The rule is that a plaintiff in a case, involving personal injuries can recover, as a part of his damages, his reasonable expenses for medicines and medical treatment, but there must be some evidence that the charges are reasonable": *Tuohy v. Columbia Steel Co.,* 61 Or. 527 (122 P. 36).

■■ ■ In permitting counsel to ask over objection, Ray Johnson, a witness for the plaintiff:

"Q. Now just state what the condition of the sidewalk was there generally as to being level or wavy or what the condition was.
"A. The condition of the sidewalk, all of the board sidewalk there is in a very poor condition, and there is, of course, some stringers spliced, I know, and boards nailed on them, and when I lived there I tried to keep it in condition.
"Q. And for how long a period of time?
"A. Well, I couldn't say just how long a time, but there has always been loose boards and the sidewalk has been uneven since I have been traveling on it."

The witness had been testifying about loose boards in the sidewalk in the immediate vicinity of the place where plaintiff claimed the accident happened just before he was asked these questions, and the answers when considered in connection with his other testimony were not objectionable.

Defendant also takes exception to the ruling of the court in permitting plaintiff's counsel to ask the witness, Robert Wilde, a witness for the plaintiff, "And for how long a period of time?" This witness testified about the section of the sidewalk that exists there at the corner of U and North Fir, opposite house number 2201; that it was very uneven and that there were loose boards; that he saw boards turned over and out of place. He was then asked the above question to which he answered, "Well, I could not say just how long a time, but there has always been loose boards and the sidewalk has been uneven since I have been traveling over it."

Counsel for defendant also took an exception to the court's ruling in permitting counsel for plaintiff to ask Robert Bradford, a witness for the plaintiff, "Just state whether it was frequently or not, in this condition, where the boards were loose from the stringers." This witness testified that he resided in house number 2201 for three or four years. That the sidewalk was just an old board walk. It had been there for a number of years and he didn't think it ever had been rebuilt entirely new. It had been repaired from time to time. Sometimes they repaired it fairly good, and then in a little while, a number of weeks, it would get in a dilapidated condition, and run down. He did not know about the stringers. The boards were frequently loose. They were old and decayed and

would get loose at times. He was asked the above question and answered, "Yes, I would say frequently it was,—there was loose boards."

All of the above questions were in regard to the particular condition of the sidewalk which plaintiff claimed was the proximate cause of his injury, and were not objectionable.

The several witnesses may not have been able to testify as to the length of time the particular board, which caused plaintiff's accident, was loose. Yet their testimony, if believed by the jury, was competent to charge the city with knowledge of the fact that there were loose boards in the immediate vicinity of the accident, for a considerable length of time prior to the injury: *Village of Shelby v. Claggett,* 46 Ohio St. 549 (22 N. E. 407, 5 L. R. A. 607) ; 2 Sherman and Redfield on Negligence, § 369; *Cartano v. Athena,* 90 Or. 586 (176 P. 789).

■ Counsel for defendant takes exception to the ruling of the court in permitting plaintiff, on cross-examination, to ask George E. Walker, a witness called on behalf of the defendant, "Did you notice that it was uneven and not level?" This witness testified on direct examination that he had examined the sidewalk in question and that it was in good condition; that he saw no loose boards. Counsel for plaintiff had un-doubtedly the right to cross-examine him as to any defects that might exist in the sidewalk, at least, for the purpose of testing the extent of the witness's observation.

It will be observed that the complaint alleges a number of defects in the sidewalk where the accident occurred. In his testimony, plaintiff claimed, as the

chief cause of his accident, that a board was loose and when he stepped on one end the other end tilted up and tripped him.

■ This assignment of error is predicated on the following instruction which the court gave:

"It is not necessary for the plaintiff, in order to recover, to prove that the condition of the sidewalk was the sole cause of his injury, if he proves it was one of the causes, and that it proximately caused or contributed to his accident."

■ The objection of defendant to this instruction is that the jury does not have to find any negligence on the part of the city; neither does the instruction limit the condition of the sidewalk to that described in the complaint. Standing by itself, it may be susceptible to that objection, but when read in connection with the instructions it is in no wise objectionable. The transcript shows that the court began his instructions to the jury by defining the issues to be determined, and no exception was taken to the court's action in that regard. Where a trial court once properly states and defines the issues, reiteration is unnecessary. Instruction No. 35, as given by the court, covers the question of negligence.

"That a city can only be held liable, on account of injuries caused by defects in its sidewalks, for negligence and for negligence only, and the burden of proving such negligence is on the plaintiff; and unless the jury are satisfied from a preponderance of the evidence in this case, that the defendant city was guilty of negligence, which proximately caused the injuries alleged in the complaint, plaintiff has failed to make a case."

■ ■ This assignment of error is predicated on the following instruction:

"If you find from the evidence that the plaintiff was carrying the ax  *  *  *  in a careful manner

and was exercising care commensurate with the condition and circumstances, * * *. He would not be guilty of contributory negligence by reason of the manner in which he carried the ax."

Appellant claims this instruction is simply on an abstract principle of law; that there is no issue raised on the manner in which the plaintiff carried the ax. In this connection appellant is mistaken. Plaintiff alleged in his complaint that he "was carefully carrying an ax in his right hand." This allegation is denied in defendant's answer. Plaintiff gave testimony tending to prove this allegation. The instruction was necessary as covering a disputed issue in the case.

██ █ This assignment of error is based upon the following instruction given by the court:

"In this connection, I instruct you that the streets and sidewalks of a municipality are for the benefit of all the people. They all have the right in using them to assume that they are in ordinarily good condition, and to regulate and conduct themselves on that assumption. The plaintiff had a right to walk carefully at the time in question, believing that the corporation had performed its duty and that the streets and sidewalk on which the injury occurred was not in an unsafe condition."

Appellant claims this instruction is erroneous because it does not take into consideration any question as to the knowledge of the plaintiff. The court, however, further instructed the jury:

"That while it is the law that a pedestrian has a right to assume that the way set apart for pedestrians' use is in a reasonably safe condition for travel, yet where such pedestrian knows, or by the exercise of ordinary care ought to know, that a sidewalk is in a dangerous condition, such pedestrian cannot assume that such way is safe and must exercise greater caution in passing over such way."

These instructions when read together clearly cover appellant's objection.

■ ■ This assignment of error is based on the following instruction given by the court:

"Even if you find from the evidence that plaintiff knew that the walk was defective, yet if he believed, and as an ordinarily prudent person, had a right to believe that he could use it with safety, then he was under no obligation to select another route of travel unless it was in such condition that a reasonably prudent person would not attempt to use the same."

This is simply another way of saying that where a pedestrian knows the conditions of a sidewalk the law requires him to exercise such care and caution as a person of ordinary prudence would use under like circumstances and similar conditions: *McQuillan v. Seattle*, 10 Wash. 464 (38 P. 1119, 45 Am. St. Rep. 799); *Shannon v. Tacoma*, 41 Wash. 220 (83 P. 186); *Fisher v. Anacortes*, 109 Wash. 191 (186 P. 271).

■ ■ This assignment of error is based on the following instruction:

"No claim has been made by the defendant city that it was without funds with which to repair this sidewalk in question, and whether or not the city was without funds to repair the same is immaterial and no defense."

Appellant claims that there is no issue in the pleadings or evidence that defendant lacked funds with which to make repairs of the sidewalk. The pleadings are silent in this regard, but the transcript of evidence shows that testimony on this question was submitted without objection. It then became the duty of the court to call the attention of the jury to the law covering that phase of the evidence.

■■ ■ This assignment of error is based on the following instruction:

"If you find from the evidence that when the plaintiff entered upon the defective place, if any, in the sidewalk in this case, his foot was caught under a plank of said section of sidewalk and he was thrown down by reason of his foot being so caught, and you find that up to the time of his falling he was carrying the ax in a careful manner and exercising care commensurate under the circumstances, and that he was using the ordinary care and caution of a reasonably prudent man under the conditions described by the evidence in passing along said sidewalk, or section of said sidewalk, then he would not be guilty of contributory negligence in the manner in which he passed over said sidewalk."

This instruction correctly states the law as applied to the particular facts in this case.

■■■ ■ This assignment of error is based on the following instruction:

"While it is incumbent on the plaintiff to prove that the city had notice of the defective condition of the sidewalk in question, if any, in time by the exercise of the ordinary care and diligence to have repaired the same before the accident described in the plaintiff's complaint, this may be shown in two ways—first, by showing that the city had actual notice of the defective condition of the sidewalk in question, if any, and secondly, by showing constructive notice to the city of the defective condition in question, if any. It is sufficient if the circumstances show that by the exercise of reasonable diligence and attention to the condition of the walk it could have discovered such defect, and if such walk remained in a defective condition for a long time prior to the injury, then the knowledge of such condition may be inferred from these facts."

The plaintiff presented his case to the court and jury on the theory that at the place of the accident the boards in the sidewalk were loose; that the sidewalk

oscillated; that it tilted and gave way when any person passed over it; and that it was in this condition for a long time prior to the accident. These defects would be patent and not latent, and it was not error to give the said instruction, especially so, as the court also instructed the jury that they must take into consideration "the size of the city, the amount of travel, the extent of its streets, the location of the street in question in relation to other streets, and the density of the population, together with all the other surrounding facts and circumstances."

■ This assignment is based on the following instruction:

"If you find from the evidence that the section of the sidewalk in question, at the time of the alleged injury, was not reasonably safe for public travel, and the plaintiff in passing over the same was injured, and that said dangerous condition of the sidewalk, if any, proximately caused or contributed to the fall and injury of the plaintiff, and that the defect had existed for a sufficient length of time, and was sufficiently obvious that the officers of the city of La Grande, by exercising reasonable vigilance, should have discovered and remedied said defect prior to the accident, and that plaintiff in passing over said section of sidewalk used the ordinary care and prudence of a reasonably prudent man under the circumstances, then you should find for the plaintiff."

Appellant contends that this instruction leaves out of the question whether or not the city caused the condition of the sidewalk or otherwise owes a duty to keep it in repair, or had used reasonable care in attempting to discover such defects; that it is a departure from the issues made in the case; that it does not apply to the acts of negligence alleged in the complaint but to any negligence that might be thought of. The other instruc-

tions of the court meet all the objections that were raised by counsel to this particular instruction. The court had already stated the issues of the case, also as to the negligence of the city in caring for its sidewalks, so when read in conjunction with those other instructions, is not objectionable and is not a departure.

■■■ ■■ This assignment of error is based on the instructions of the court covering the question of future pain and physical suffering. Regardless of the allegations of the pleadings or the evidence received, the question of future pain and mental anguish was withdrawn from the consideration of the jury. From appellant's brief it appears that this element of damages was twice covered by the court. The second time that it was mentioned by the court, attorneys for the plaintiff asked to "withdraw from the consideration of the jury the element of future pain and suffering." The court answered, "All right, I will reread that part of the instruction," and proceeded to eliminate from the instruction that part relating to such future pain and suffering. By eliminating it in this manner, it would bring it stronger to the attention of the jury that they were not to consider this element, than almost any other method that might be adopted.

■■■ ■■■ These assignments of error are based on the court's refusal to give certain instructions on the duty of the city towards pedestrians generally in the maintenance of sidewalks, and also on the law of constructive notice to the city of defects in sidewalks. Both these instructions are much more in the abstract than the other instructions given, to which appellant objected on that ground. The court, however, had fully covered both these points by instructions already given.

It is Hornbook law that the court's instructions are to be read and considered as a whole, and if found correct to such a degree that they fully and fairly present the matters at issue to the jury, the verdict of the jury, based thereon and on the evidence in the case, will not be disturbed.

Finding no error, the judgment is affirmed.

ROSSMAN and KELLY, JJ., absent.