Argued September 15; affirmed October 4, 1932

## LARGE *v.* CITY OF ST. HELENS

(14 P. (2d) 628)

See 13 R. C. L. 401 (5 Perm. Supp., 3369)

*J. W. Day*, City Attorney of St. Helens, and *G. C.* and *A. C. Fulton*, of Astoria, for appellant.

*Glen R. Metsker*, of St. Helens, for respondent.

CAMPBELL, J. On April 12, 1923, plaintiff while walking beside a lady friend on the sidewalk along Hemlock street, a duly dedicated and partially improved street in St. Helens, Oregon, fell and was injured. She brought this action against the city to recover damages for the injury.

It is alleged in the complaint that the injury was caused by reason of the sidewalk being in a defective condition; that defendant had permitted it to become in this defective and dangerous condition in that the cross-boards and stringers were loose, broken and rotten and had been permitted to remain in that condition for a long time. It is alleged that, while she and a companion were walking upon the sidewalk, her companion stepped on one end of a broken and rotten board, which suddenly tilted the other end up and tripped plaintiff, and this was the proximate cause of the accident causing her injury; that the city knew of, or by the exercise of ordinary care should have known, the defective and dangerous condition of the sidewalk.

The complaint alleges that under certain provisions of the city charter the city has the power, and it was its duty, to maintain this street and this sidewalk in a reasonably safe condition for pedestrians to use. It is alleged also that section 148 of chapter 11 of the

City Charter, authorizes the council of the city to compel the abutting property owner on any street to maintain, in good repair, the sidewalks in front of his property.

The defendant answered in effect, denying any injury to plaintiff on want of knowledge or belief, or any negligence on the part of the city in respect to the accident alleged by plaintiff. Then, as a separate defense, alleged contributory negligence on the part of plaintiff in walking on said sidewalk, and knowledge on the part of plaintiff of the condition of the sidewalk, at the time of the accident.

As a separate answer and defense, defendant pleaded an ordinance of the city passed on April 10, 1916, and known as Ordinance No. 190, entitled:

"An ordinance declaring it the duty of all owners of land adjoining any street in the City of St. Helens, to construct, reconstruct and maintain in good repair all sidewalks or steps in front of said land at their own cost and expense."

Ordinance No. 190 provided and declared among other things, it to be the duty of all owners of all land adjoining any street in the city of St. Helens to construct, reconstruct and maintain in good repair, the sidewalks and steps in front of their land, at their own expense and cost.

It was further alleged that by reason of the passage of said Ordinance No. 190 the defendant became and was released and relieved of all duty and obligation in respect to the maintenance or repair of said sidewalk on which plaintiff claimed to have been injured. It further alleged that the sidewalk upon which plaintiff was injured was built in 1912.

A copy of the ordinance No. 190 is attached to the answer, and reads as follows:

(Omitting title and enacting clause.)

"Section 1. It is hereby declared to be the duty, and it is the duty of all owners of all land adjoining any street in the City of St. Helens to construct, reconstruct, and maintain in good repair, the sidewalk or steps in front of said land, at the expense and cost of such owners.

"Section 2. That whenever it becomes necessary for said city to construct, reconstruct or maintain in good repair any sidewalk, because of the refusal or failure of the abutting property owner to do so, the cost of such improvement shall be taxed to the owner of such abutting property and constitute a lien upon said property."

The cause was tried to a jury who returned a verdict in favor of plaintiff. Defendant appeals.

The defendant protected its rights by seasonably moving for judgment on the pleadings, by objection to introduction of any evidence, by motion for a non-suit, by motion for directed verdict and saved exceptions to the court's refusal to grant any of such motions.

Defendant assigns many errors, but most of these claimed errors depend upon the construction to be given to the effect of Ordinance No. 190.

1. The contention of defendant being that because of the passage of this ordinance, the city was relieved from any liability for injuries caused by a defective condition of said sidewalk. The principal question presented by the pleadings and bill of exceptions is: Can the city of St. Helens, by reason of its charter provisions permitting it to enact an ordinance compelling the abutting property owners to repair and maintain the sidewalks in front of their property, relieve itself of liability for injuries caused by defective or dangerous condition of such sidewalks?

It is admitted by all parties that, in the first instance, the city has power and authority over all the streets and sidewalks within its boundaries.

The following are the pertinent provisions of the city charter relative to this case, and defining the powers and duties of defendant. It has power:

"Sec. 63. To provide for the prevention and removal of all obstructions from the streets and sidewalks and crosswalks and alleys, and for cleaning and repairing the same.

"Sec. 67. To provide for the collection and disbursement of all moneys which the city is or may become entitled to by law * * * in connection with paving, grading, planking, or otherwise improving the streets * * *.

"Sec. 68. To appropriate money to pay the debts, liabilities and expenditures of the city * * *.

"Sec. 148. The council may by ordinance declare it the duty of all owners of land adjoining any street in the city of St. Helens, to construct, reconstruct and maintain in good repair, the sidewalks or steps in front of said land. The council has power, and is hereby authorized, whenever it deems it expedient, to order the building and repair of any sidewalk or any part thereof * * * upon any street or part thereof within said city."

It was by virtue of the first clause of this section that the city of St. Helens adopted Ordinance No. 190, heretofore quoted.

"Sec. 149. If the owner of any lot * * * adjoining a street on which the council shall have declared it the duty of the abutting owner to erect a sidewalk * * * shall suffer any sidewalk * * * along the same to become out of repair, it shall become the duty of the marshall upon order either of the council or in case such defect be dangerous, then upon his own motion, to give written notice to the owner or

agent of such property to repair said sidewalk within three days therefrom or that the same will at the expiration of said time be repaired by the city and the cost thereof assessed against said property. * * * If within three days from the service and posting of said notice as aforesaid, said walk is not repaired in a good and sufficient manner, the Marshall shall proceed to repair the same * * * and report to the Council, the cost thereof.

"* * * When the amount of said costs has thus been determined, the Recorder shall enter the same in the Docket of City Liens, and the same shall * * * be collected in the same manner as provided for the collection of delinquent street assessments.

"Sec. 150. The Council has power, and is hereby authorized, whenever it may deem it expedient, to order the building of any sidewalk within the limits of the City of St. Helens, and the payment of the cost of construction thereof by the owners of property adjacent thereto; or in a district created by the Council and by it adjudged to be benefitted thereby; * * * and the Council * * * may, at its discretion, discontinue proceedings in said matter, or may overrule any and all remonstrances and objections, and proceed as though no remonstrance had been filed. If within thirty days from the time of the service of such notice the property owners, * * * do not comply with the provisions of such order, the Marshall shall proceed to build such sidewalk and the cost thereof shall be determined, taxed and become a lien against the abutting property, * * * and the same * * * shall be collected in the same manner as provided for the collection of delinquent street assessments.

"Sec. 151. The Council is authorized to * * * erect or repair any sidewalk * * * whenever it deems it expedient, and to declare, by ordinance, before doing the same, whether the cost thereof shall be assessed in whole or in part upon the adjacent property and property in the district benefitted, or paid in whole or in part out of the general fund of the

City of St. Helens. * * * such repair may be made as the ordinance may provide and be paid for accordingly.''

It is admitted at the outset by counsel for appellant that the city is liable in damages to one who, in the exercise of reasonable care, whilst walking along a sidewalk in a municipal corporation is injured by defect therein, known to the municipality, or which it should have known by the exercise of reasonable care, a sufficient length of time to have repaired it or made it safe for the kind of travel for which it was intended, unless exempted from such liability by its charter: Oregon Code 1930, § 5-502; *Mathews v. La Grande,* 136 Or. 426 (299 P. 999); *Platt v. Newberg,* 104 Or. 148 (205 P. 296); and many other Oregon cases beginning with *O'Harra v. Portland,* 3 Or. 525.

██ The city council having been granted the exclusive power and control over the streets and sidewalks, it is its duty to maintain them in a reasonably safe condition for travel. Neither Ordinance No. 190 nor any provision of the city charter exempts the city from liability for injuries arising out of the defective condition of its streets and sidewalks. The meaning of these provisions of the city charter is that the city may adopt any one of several ways of paying for an improvement or maintenance of its streets including the sidewalks. It may assess the cost of such improvement or maintenance in whole or in part upon the adjacent property or upon the adjacent property and the property of a created benefited district or may pay in whole or in part out of the general fund of the city, or it may by ordinance, as it did by Ordinance No. 190, direct the abutting property owner to maintain the sidewalks in good repair. The city however remains

the exclusive judge as to when a sidewalk is or is not in good repair. The charter provides the different means which it may adopt to repair any defects in its sidewalks. Whatever method it adopts must be prescribed by ordinance before the improvement is commenced.

There is no provision in its charter exempting the city from the duty of keeping the sidewalks in repair or relieving the city from liability from injuries arising out of defective and dangerous conditions of the sidewalks.

The city does not, by Ordinance No. 190, relinquish its authority over the sidewalks but retains full and complete control over them.

██ 2. Defendant contends that as a matter of law plaintiff was guilty of contributory negligence because she went upon the sidewalk where she was injured with knowledge of its dangerous and defective condition, notwithstanding that there was another safe way that she could have taken to reach her destination. That walking beside her companion on a defective and dangerous sidewalk was of itself contributory negligence.

It appears that Hemlock street, in the vicinity where the accident occurred, is not a fully improved street. A sidewalk was constructed on the east side thereof and none on the west side. A strip about 16 feet wide in the center of the street was partially improved and made passable for vehicular traffic. Between the vehicle roadway and the sidewalk was a strip of about equal width left in its natural condition. The part of the street used for vehicles at the time of the accident was wet and contained small pools of water, the result of recent rains. Plaintiff admitted that she knew, for some time prior to the ac-

cident, that the sidewalk was dangerous and defective, but the only other way she had of reaching her destination was the roadway in the center of the street and that, "It was muddy and puddles and a person could not walk in water. Yes, it was wet that day."

Under this state of the record, the court properly submitted the question to the jury as to whether or not she was guilty of contributory negligence in going upon the sidewalk, with knowledge of its defective condition, and whether or not with that knowledge she was justified in not walking on the wet and muddy roadway, or whether or not the manner in which she walked on the sidewalk with her companion was negligent.

The court submitted these questions of the alleged contributory negligence of the plaintiff under a proper instruction to the effect that, notwithstanding her knowledge of the defective and dangerous condition of the sidewalk, yet if an ordinarily prudent, careful person, with like knowledge would have used it in like manner, and if she exercised reasonable care, commensurate with the danger to be apprehended, she would not be guilty of contributory negligence: *Mathew v. La Grande*, 136 Or. 426 (299 P. 999) ; *Lerner v. Philadelphia*, 221 Pa. 294 (70 Atl. 755, 21 L. R. A. (N. S.) 614) and extensive notes.

3. It is also contended by defendant that the court erred in permitting witnesses to testify of the generally bad condition of the sidewalk and not confining plaintiff's testimony to the particular board that caused the injury. The testimony complained of was admissible for the purpose of establishing the length of time the sidewalk was out of repair, and if the city, by the exercise of reasonable care should have known of its defective condition.

■ 4. Error is predicated on the admission of the testimony of certain owners of the abutting property on the street on which the defective sidewalk was located, to the effect that said owners had never been notified by any of the city officers to repair the sidewalk. Under our view of the case, this evidence was immaterial, but its admission was harmless.

■ 5. Error is also predicated on the admission of the testimony of a witness who testified that the sidewalk in question was torn up and destroyed by the city officials the day following the accident. The objectionable part of the testimony of this witness was an unresponsive answer to a question on cross-examination, and was stricken out by the court. The rest of his testimony was confined to the rotten condition of the material comprising the sidewalk on the next day after the accident, and was competent.

The other contentions of the appellants are of minor importance and do not present any novel proposition of law. We have carefully examined the whole record and have concluded that the cause was fairly presented to the jury on competent evidence; that the instructions, taken as a whole, correctly stated the law applicable to the issues presented, and the judgment should be affirmed.

It is so ordered.